## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

**LEROY NELSON,**

**by his Next Friend and Daughter,**

**Venus Nelson**

**1229 Savannah Pl SE Washington, DC 20032**

        **Plaintiff,**                **\***

**v.**                                **\***          **Civil Case No.:**

**JESSIE HARAS**               **\***        **JURY TRIAL REQUESTED**

**5362 E. Capitol Street, NE**       **\***

**Washington, D.C.  20019**        **\***

   *and*

**BEN CARSON,**

**United States Secretary of Housing and**

**Urban Development**

**Serve: Chief Legal Officer/US Dept**

**of Housing & Development**

**451 7th Street, SW, Washington, D.C. 20410**

        **Defendants.**

## <u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

    Plaintiff Leroy Nelson, by his Next Friend and Daughter, Venus Nelson, brings this

action against Jessie Haras and Ben Carson, Secretary of the U. S. Department of

Housing and Urban Development ("HUD"), and states as follows:

## INTRODUCTION

Plaintiff challenges HUD's failure to protect him from foreclosure and displacement, as required by the reverse mortgage statute, 12 U.S.C. § 1715z-20(j), titled "Safeguard to Prevent Displacement of Homeowner." As a result of HUD's failure, Plaintiff Leroy Nelson is facing a foreclosure sale of his home on **May 11, 2018.**

Plaintiff brings this action under the Administrative Procedure Act, 5 U.S.C. § 551 et seq., for judicial review of final agency actions by HUD.  Plaintiff seeks a declaration that HUD's regulations and guidance violate Subsection (j), and an order enjoining HUD from requiring lenders to foreclose on him, and from paying claims where lenders can assign the loan rather than foreclose on a protected borrower. Unless this Court enjoins HUD to comply with federal law, the Plaintiff will soon lose his home.

## THE PARTIES

Plaintiff Leroy Nelson resides at 1229 Savannah Place SE, Washington, D.C. 20032. He is 100 years old**.**

Defendant Jessie Haras resides at 5362 E. Capitol Street NE, Washington, D.C. 20019.  Ms. Haras was a close family friend of Mr. Nelson.

Defendant Ben Carson is the Secretary of the Department of Housing and Urban Development, a cabinet-level federal agency. HUD's headquarters is located at 451 7th Street S.W., Washington, DC, 20410.  Mr. Carson is only being sued in his official capacity.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. §

702.  Venue is proper in this Court under 28 U.S.C. § 1391(e).


## STATEMENT OF FACTS

The HECM program was originally authorized by the Housing and Community

Development Act of 1987, Pub. L. No. 100-242, 101 Stat. 1815 (1988); 12 U.S.C. §

1715z-20.  Under the program, the United States Government insures reverse mortgages

originated by private lenders.  A reverse mortgage is a loan that allows older homeowners

to convert part of the equity in their homes into cash.  It is the "reverse" of a traditional

mortgage, in which the borrower repays the borrowed sum on a monthly basis.  Reverse

mortgage borrowers receive money in exchange for their home equity.  Borrowers can

choose to receive the loan proceeds in a lump sum, on a monthly basis, or they can draw

on a line of credit periodically as needed.  Reverse mortgage borrowers are not required

to make monthly or other periodic payments to repay the loan. Instead, the loan balance

increases over time, and the loan does not become due and payable until one of a number

of defined events occurs. 12 U.S.C. § 1715z-20(j).

Leroy Nelson, along with his now deceased wife, worked the majority of his adult life

to pay off the original mortgage on his home and own it outright.  He's owned his home

for over sixty years.  On April 20, 2006, a deed was executed, naming Mr. Nelson as

mortgagor in favor of Seattle Mortgage Company as mortgagee and Ronald S. Deutsch as

trustee. The subject mortgage was a "home equity conversion mortgage" (HECM) issued

by Seattle Mortgage Company and Ronald S. Deutsch as trustee.  It was insured by HUD,

pursuant to 12 U.S.C. § 1715z–20.9.  Paragraph 9 of the mortgage contained the

condition precedent required in such reverse mortgages by virtue of 12 U.S.C. § 1715z–

20(j).  That provision specifically provides: "Lender may require immediate payment in

full of all sums secured by this Security Instrument if: (i) A Borrower dies and the

Property is not the principal residence of at least one surviving Borrower [.]"  The statute

is specifically designed as a safeguard to prevent the displacement of homeowners.  It

provides, in relevant part: The Secretary may not insure a home equity conversion

mortgage under this section unless such mortgage provides that the homeowner's

obligation to satisfy the loan obligation is deferred until the homeowner's death, the sale

of the home, or the occurrence of other events specified in regulations of the Secretary.

The HECM program is administered by the Federal Housing Administration,

commonly known as the FHA. The FHA is an agency housed within the United States

Department of Housing and Urban Development. The FHA was created pursuant to the

National Housing Act of 1934, Pub.L. No. 73–479, 48 Stat. 847 (1934), and has long had

as its purpose the expansion of mortgage access and the enablement of home ownership.

In 2006, Mr. Nelson was eighty-eight years old and was, at that time, regularly cared

for by Jessie Haras, a trusted friend.  Mr. Nelson's wife was deceased.  His children lived

a considerable distance from him.  Ms. Haras obtained a power of attorney over Mr.

Nelson and obtained this reverse mortgage on his behalf.  Although the loan documents

bear his name and alleged signature, Mr.Nelson has no memory of having personally

executed the documents nor does he acknowledge, knowingly, consenting to the loan.


### COUNT I

**HUD's Actions Are Arbitrary and Capricious or Otherwise Not**

**in Accordance with Law and Exceed HUD's Statutory Authority**

**in Violation of § 706(2) of the Administrative Procedure Act**

Plaintiffs incorporate by reference as if fully set forth herein all of the allegations of the

Complaint.  Federal agency action is unlawful if it is arbitrary, capricious or otherwise not

in accordance with law, or if it exceeds the agency's statutory authority. 5 U.S.C. § 706

(2).  The anti-displacement provision of the HECM statute provides the HECM

homeowner named on the mortgage protection from displacement.  See 12 U.S.C. §

1715z-20(j).  The HECM statute's anti-displacement provision states that reverse

mortgages must "provide[] that the homeowner's obligation to satisfy the loan obligation

is deferred until the homeowner's death, sale of the property" or some other occurrence as

identified by HUD.  Mortgagee Letter 2015-03, which ignores the ruling in *Bennett v.*

*Donovan*, purports to establish new due and payable events for existing HECMs, and

establishes a new "trigger" to enforce HUD's foreclosure deadlines, all in violation of the

statutory protections.  HUD does not have the power to amend a federal statute.  The

Reverse Mortgage Stabilization Act ("RMSA") does not permit HUD to adopt new

regulations or guidance that are contrary to explicit statutory protections of the HECM

program.  Mr. Nelson, although of advanced age, is still alive and the subject property

remains his pricipal residence.

## COUNT II

**HUD Has Unlawfully Withheld Actions that Are Necessary**

**to Suspend Its Foreclosure Requirements for Surviving Spouses,**

**in Violation of Section 706(1) of the Administrative Procedure Act**

Plaintiffs incorporate by reference as if fully set forth herein all of the allegations

of the Complaint.  The Administrative Procedure Act, 5 U.S.C. § 706(1), empowers this

Court to "compel agency action unlawfully withheld or unreasonably delayed."  The

ruling in *Bennett II* i nvalidating 24 C.F.R. § 206.27(c)(1) applies with equal force to

Plaintiff.  The Court remanded this matter to HUD a third time after HUD had conceded

that its regulation requiring foreclosure on surviving spouses was a violation of the

reverse mortgage statute: "As a result of the invalidation of 24 C.F.R. § 206.27(c)(1),

section 206.125 no longer requires, and cannot require the mortgagees holding plaintiffs' mortgages to institute and prosecute foreclosure proceedings within specified time frames

## COUNT III

## UNDUE INFLUENCE

In the alternative, the underlying contract between Plaintiff and mortgagees is unenforceable and voidable as a result of undue influence by a close family friend, Jessie Haras.  At the time the reverse mortgage contract was executed in 2006, Mr. Nelson was eighty-eight years old.  Ms. Haras was a close, trusted family friend and care-giver.  Ms. Haras had obtained a power of attorney over Mr. Nelson.  The funds from the reverse mortgage went to Ms. Haras.  Mr. Nelson's family never saw any evidence of this money in his possession.  Ms. Haras then placed Mr. Nelson in a nursing home.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that this Court:

a) Enter a declaratory judgment stating the following:

1. HUD has failed to properly implement the anti-displacement protections in the HECM statute, has illegally adopted regulations and guidance that contravene this protection, and that the Plaintiff is a homeowner entitled to protection from displacement. 12 U.S.C. §1715z-20(j);

2. the Plaintiff's mortgage is not due and payable under HUD regulations and the insurance contract;

3. HUD's denial of TID relief to the Plaintiff is arbitrary and capricious;

4. 24 C.F.R. §§ 206.27(c)(1) and 206.125, Mortgagee Letter 2015-03, HUD's Determination on Remand, and any other regulations, rules or guidance that require

lenders to foreclose on a homeowner, where the loan is not due and payable for any

reason, are arbitrary and capricious and/or contrary to law;

5. 24 C.F.R. §§ 206.27(c)(1) and 206.125, Mortgagee Letter 2015-03, HUD's

Determination on Remand, and any other regulations, rules or guidance that permit the

payment of an insurance claim based on foreclosing on a homeowner is arbitrary and

capricious and/or contrary to law;

b) Enjoin Defendants, on a preliminary and permanent basis:

1. from enforcing 24 C.F.R. § 206.27(c)(1), § 206.125, Mortgagee Letter 2015-03, and

any other regulation, rule or guidance requiring mortgagees to foreclose on homeowners

if no due and payable event has occurred;

2.  from refusing to accept assignment and fully compensate the lender for any loan that is

due and payable by its terms but is not due and payable under the reverse mortgage

statute;

3. from foreclosing on any mortgage that has been assigned to HUD, where the loan is not

due and payable by its terms for any reason.

4. to issue formal guidance to lenders that the loan on Plaintiff's home is not due and

payable, that they need take no further action to foreclose unless the loan comes due and

payable for some other reason, and that the loan is eligible for assignment to HUD when

it reaches 98 percent of the maximum claim amount, pursuant to Part 206, Subpart C

of the Code of Federal Regulations;

5. from setting any deadlines to qualify for relief, for both mortgagees and mortgagor,

where the loan is not due and payable ;

c) Award plaintiff's costs and attorney fees under 28 U.S.C. § 2412 or as otherwise

permitted;

d) Defendant Haras refund all funds received by her as result of the subject loan.

e) Grant all other appropriate relief; and

f) Retain jurisdiction of this action to grant ongoing relief as may be required.


Date: April 12, 2018                              Respectfully submitted,
                                                   /s/Pamela McLean
                                                  Pamela McLean
                                                  D.C. Bar No. 497891
                                                  1629 K Street, NW Suite 300
                                                  Washington, D.C. 20006
                                                  202-204-2234(O)  703-488-0852(C)
                                                  *contact@mcleanlegalgroup.com*

                                                  Counsel for Plaintiff


<u>Certificate of Service</u>

     I, Pamela McLean, certify that the foregoing Complaint has been served

upon all parties of record on this 12th day of April 2018.


                                        /s/Pamela McLean,
                                        *Counsel for Plaintiff, Leroy Nelson*